IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUPINDER SINGH MAAN,<br><br>　　　　　　　　Petitioner,<br><br>　　vs.<br><br>TODD BLANCHE, US Attorney General;<br>MARKWAYNE MULLIN, Secretary of<br>Department of Homeland Security; DAVID<br>EASTERWOOD, Field Office Director for<br>the St. Paul Field Office; and  WARDEN,<br>McCook Detention Center;<br><br>　　　　　　　　Respondents. | 8:26CV260<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. Filing No. 1. Petitioner alleges he is being unlawfully held in the McCook Detention Center in McCook, Nebraska. He claims his continued detention violates the Immigration and Nationality Act and his due process rights under the Fifth Amendment. Petitioner further requested expedited handling of his case under 28 U.S.C. § 1657. Filing No. 2.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Here, it is apparent from Petitioner's Petition that he is not entitled to habeas relief.

Petitioner previously filed a Petition for Writ of Habeas Corpus in Case 4:26cv3027. He alleged his detention violated the INA and his due process rights. Filing No. 7 in 4:26cv3027 (second amended petition). Chief Judge Robert F. Rossiter, Jr., denied the

1

Petition, finding the statutory and due process arguments were without merit.  Filing No. 17 in 4:26cv3027 (memorandum and order); Filing No. 18 (judgment of dismissal).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the filing of successive petitions for habeas corpus under 28 U.S.C. §§ 2255 & 2256. However, since AEDPA did not address petitions filed under 28 U.S.C. § 2241 like the one at hand, Courts continue to apply the pre-AEDPA doctrine of abuse of the writ in determining whether to entertain a successive § 2241 petition for habeas corpus.  *See, e.g.*, *Thunder v. Jett*, No. 09-2454 DSD RLE, 2010 WL 3810792, at *8 (D. Minn. Aug. 12, 2010), *report and recommendation adopted*, No. 09-2454 DSD LIB, 2010 WL 3806828 (D. Minn. Sept. 23, 2010).   "[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."  *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).  Where there has been an abuse of the writ through inexcusable neglect, the Court may nevertheless entertain the petition if there is a showing of cause and prejudice.  *Id.* at 493.  Additionally, the Court may excuse an abuse of the writ in extraordinary instances where a denial of a successive writ may result in a fundamental miscarriage of justice.  *Id.* at 494.

Petitioner raised similar statutory and due process claims in his prior petition.  To the extent his arguments may differ, they nevertheless could have been raised in the prior petition.   Petitioner does not explain his failure to raise these arguments earlier. Accordingly, the Court finds his successive petition for writ of habeas corpus under 28 U.S.C. § 2241 is barred by the doctrine of abuse of the writ and no exceptions thereto apply.  Accordingly, Petitioner's Petition, Filing No. 1, must be dismissed.

2

IT IS ORDERED:

1.  Petitioner's successive Petition for Writ of Habeas Corpus, Filing No. 1, is denied.

2.  Petitioner's Emergency Motion or Request for Expedited Handling, Filing No. 2, is granted.

3.  The Court will enter a separate judgment.

Dated this 8th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge